NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ERIKA and ACHIM GINSBERG-KLEMMT, )
                                              )

         Appellants,                )

                                              )

v.                                       )        Case No. 2D16-4737

                                              )

SARASOTA COUNTY,                )

                                              )

         Appellee.                )

_____)

Opinion filed August 16, 2017.

Appeal from the Circuit Court for Sarasota
County; Brian Iten, Judge.

Erika and Achim Ginsberg-Klemmt, pro se.

Stephen E. DeMarsh, County Attorney, and
David M. Pearce, Assistant County Attorney,
Office of the County Attorney, Sarasota, for
Appellee.

CASANUEVA, Judge.

         Erika and Achim Ginsberg-Klemmt appeal the dismissal with prejudice of

the first two counts of their complaint against Sarasota County. We conclude that the

trial court did not err in dismissing the two counts and affirm.

         The Ginsberg-Klemmts sought to construct a dock on vacant real property

located on Siesta Key in Sarasota County and submitted a permit request to the

Sarasota County Water and Navigation Control Authority. The request was denied and the denial was the subject of an unsuccessful administrative appeal. The Ginsberg-Klemmts then sought review of that decision by filing a petition for writ of certiorari in the circuit court. In addition to filing the petition, the Ginsberg-Klemmts also filed the case at bar in the circuit court which consisted of a three-count amended complaint seeking declaratory relief.[1] Sarasota County filed a motion to dismiss the amended complaint, and the trial court dismissed the first two counts with prejudice and dismissed the third count without prejudice. It is the order entered on that motion that is the subject of this appeal.

The trial court's order dismissing counts I and II ruled that those two counts raised issues which are the subject of the pending certiorari proceeding, and it ruled that the Ginsberg-Klemmts could not seek declaratory relief for the same issues in this action.[2] To the extent that the trial court's order dismissed with prejudice those matters that are properly the subject of the pending certiorari petition, we affirm.

We do not read the order as dismissing other potential claims with prejudice. The trial court's order contains the following language: "Plaintiffs shall have thirty (30) days to file a Second Amended Complaint." The Ginsberg-Klemmts were afforded an opportunity to replead, in proper form, such causes of action as they may deem appropriate, including a claim that the actions of the County constitute a regulatory taking or other such causes based on statute, quasi-legislative action, or any

---

[1]The Ginsberg-Klemmts' first complaint was dismissed without prejudice.

[2]The present appeal involves circuit court case number 2016-CA-002847-NC. The petition for writ of certiorari involves certiorari circuit court case number 2016-CA-000917-NC.

other relief as may be appropriate. A reading of the amended complaint contains allegations which may be a component of such theories of relief.

However, we note that to properly state a cause of action, a party must comply with Florida Rule of Civil Procedure 1.110(b)(2), which provides that when pleading a cause of action, a party must set forth a "a short and plain statement of the ultimate facts showing that the pleader is entitled to relief." In this instance, the Ginsberg-Klemmts included within their pro se amended complaint allegations that obscured the nature of their sought-after causes of action. Some allegations contained events that were unrelated and could not be construed as an ultimate fact pertaining to the theory of relief sought to be pleaded.

And finally, as we do not know on the record presently before this court the outcome of the certiorari action, it may be premature or unnecessary to proceed with a regulatory takings claim. We make no comment pertaining to whether any such claim or claims possess merit, only that they may be alleged.

Affirmed.

SLEET and SALARIO, JJ., Concur.